# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ROCARVAN FORTNEY,**                                                              **Petitioner**

v.                                              **Case No. 3:14-cv-722-DJH-CHL**

**AARON SMITH, warden**                                                  **Respondent**

## Findings of Fact, Conclusions of Law, and Recommendation

### Introduction

Rocarvan Fortney filed a petition for writ of habeas corpus. DN 1. The warden responded to the petition. DN 13.

The Court referred this matter to the undersigned for findings of fact, conclusions of law, and recommendations for disposition. DNs 6 & 10.

The undersigned recommends that the Court **DENY** Fortney's petition.

### Findings of Fact

For clarity, the undersigned cites the docket number and Page ID#.

The Kentucky Court of Appeals described the facts as follows:

On July 28, 2005, Fortney was indicted on murder, first-degree burglary, resisting arrest, and possession of a firearm by a convicted felon. That indictment was consolidated with a subsequent indictment charging Fortney with first-degree robbery, trafficking in a controlled substance, and being a second-degree persistent felony offender. Fortney entered a not-guilty plea to the charges. The Commonwealth filed notice of its intent to seek the death penalty.

After private counsel withdrew, the circuit court appointed co-counsel to represent Fortney. An *ex parte* order was entered on December 7, 2006, providing trial counsel with all of Fortney's psychological/psychiatric records in the possession of the Kentucky Department of Corrections. Similarly, on January 25, 2007 Fortney was awarded *ex parte* funds to retain the expert psychological services of Dr. Wayne Herner.

In February 2007, Fortney and the Commonwealth reached a plea agreement. For Fortney's plea of guilty to the indicted charges, the Commonwealth agreed not to

1

> pursue the death penalty, and to recommend a concurrent sentence of life imprisonment without the possibility of parole for twenty-five years.
>
> Fortney pleaded guilty on February 26, 2007. The circuit court conducted a plea colloquy under *Boykin v. Alabama* [, 395 U.S. 238 (1969)]. During the colloquy, the circuit court inquired as to Fortney's mental health. Fortney indicated he had been diagnosed and/or treated for anxiety, depression, sleeping disorders, and hearing voices. Trial counsel informed the circuit court that they were aware of Fortney's mental-health issues and, to address those issues, they had Fortney privately evaluated by Dr. Herner. Dr. Herner found no issue with Fortney's competency to stand trial or mental capabilities. Dr. Herner concluded Fortney's mental-health concerns were valid, but were being addressed and did not affect his ability to understand what was going on. Trial counsel also stated they had met with Fortney on numerous occasions, experienced no problems communicating with him, and had no reason to question his ability to comprehend the proceedings.
>
> Ultimately, the circuit court found Fortney's plea was knowingly and voluntarily entered with a full understanding of the consequences. Fortney waived separate sentencing and, by order entered February 27, 2007, the circuit court accepted Fortney's guilty plea, adjudged him guilty, and sentenced him consistent with the Commonwealth's recommendation and the plea agreement.
>
> A short time later, Fortney moved, *pro se*, to vacate his conviction under RCr11.42 alleging ineffective assistance of counsel. Fortney claimed his trial counsel failed to zealously pursue an insanity defense. He also requested appointment of counsel, which the circuit court granted. However, counsel chose not to supplement Fortney's *pro se* motion.
>
> Fortney's RCr 11.42 motion lingered while the Jefferson Circuit Court Clerk's office attempted to locate Fortney's trial record. On April 14, 2011, the circuit court declared the original record lost and directed that the record be reconstructed; the parties complied. Thereafter, the circuit court issued an order, entered on September 15, 2011, denying Fortney's RCr 11.42 motion. From this order, Fortney appealed.

DN 13-6 at 133 – 35 (brackets added).

The Kentucky Court of Appeals affirmed the denial of Fortney's post-conviction motion. DN 13-6 at 138. The Kentucky Supreme Court denied Fortney's motion for discretionary review. DN 13-7 at 140.

On October 29, 2014, Fortney filed this petition for writ of habeas corpus. DN 1.

## Conclusions of Law

## I. Standard of Review

### A. Applicable statutes

The Antiterrorism and Effective Death Penalty Act governs the Court's review of a state court prisoner's petition for writ of habeas corpus. 28 U.S.C. § 2254. The Court presumes that a factual issue determined by the state court is correct. *Id.* § 2254(e)(1).

The statute's structure and design "confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). With this design in mind, the Court may only grant a writ "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Id.* at 102.

As for claims that the state court reviewed on the merits, the Court shall not grant a petition unless the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

22 U.S.C. § 2254(d).

Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Adams v. Bradshaw*, 826 F.3d 306, 310 (6th Cir. Jun. 13, 2016) (internal quotation marks and brackets omitted). "Under the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case." *Id.* (internal quotation marks and brackets omitted).

### B. Exhaustion doctrine

Under the exhaustion doctrine, the Court shall not grant the writ if the petitioner has not exhausted the remedies available in the state court. 28 U.S.C. § 2254(b)(1)(A). A petitioner has not exhausted the remedies available in state court when the petitioner has the right under the state's law to raise the issue. *Id.* § 2254(c). A petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Proper exhaustion requires that a petitioner present every claim in the federal petition to each level of the state courts, including the highest court to which the petitioner is entitled to appeal." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

### C. Procedural default doctrine

A related doctrine is the procedural default doctrine. Under the first type of procedural default, a petitioner procedurally defaults a claim by failing to comply with the state's procedural rules. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner procedurally defaults, the petitioner must demonstrate cause and prejudice for the state-court default. *Edwards*, 529 U.S. at 451; *Coleman*, 501 U.S. at 750.

The second type of procedural default occurs when a petitioner has not exhausted his claims and is now procedurally barred from doing so. *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). When that happens, the petitioner "must show 'cause for the noncompliance' and 'actual prejudice resulting from the alleged constitutional violation.'" *Rayner*, 685 F.3d at 643 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

### D. Kentucky procedures for collateral attacks

Kentucky Rule of Criminal Procedure 11.42 says in part:

> (1) A prisoner in custody under sentence … who claims a right to be release on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it.

Ky. R. Crim. P. 11.42. Final "disposition of a movant's RCr 11.42 motion shall conclude all issues which could reasonably have been presented in the same proceeding." *Foley v. Commonwealth*, 425 S.W.2d 880, 884 (Ky. 2014).

### E. Ineffective assistance of counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient. *Id.* at 687. The deficient performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The defendant must also show that the deficient performance prejudiced the defense. *Id.* The prejudice prong

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotation marks omitted).

## II. Fortney's petition for writ of habeas corpus

### A. Ground one: ineffective assistance of counsel for failure to pursue insanity defense

Ground one of Fortney's petition alleges that Fortney's lawyer did not fully pursue Fortney's insanity defense. DN 1 at 5.

The respondent argues that the decision of the Kentucky Court of Appeals to affirm the denial to this ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law. DN 13 at 64 – 67. The undersigned agrees.

The Kentucky Court of Appeals discussed the steps trial counsel took to seek a private mental-health evaluation for Fortney:

> The record indicates Fortney's trial counsel requested and received his psychiatric records from the Department of Corrections, secured funds to retain Dr. Herner, a mental-health professional, and had Fortney privately evaluated by Dr. Herner prior to entering his plea. Dr. Herner found no issue with Fortney's competence to stand trial or his mental capabilities. During the plea colloquy, trial counsel advised the circuit court of Dr. Herner's findings. …
>
> Fortney further argues that the lack of a mental-health evaluation in the record undermines his counsel's representations during the plea colloquy that Fortney was competent to stand trial. We find no merit in Fortney's argument. Fortney was unquestionably present during the plea colloquy and did not indicate that he disagreed with his counsel's representations regarding his mental state. Furthermore, the absence of a mental-health evaluation in the record is not conclusive proof that such an evaluation did not take place. This is particularly true in this case because the original record was lost and had to be reconstructed.

DN 13-6 at 137 – 38. The Court must presume that these fact findings are correct. 28 U.S.C. § 2254(e)(1). In particular, the Court must presume that Fortney's own expert deemed him competent to stand trial before he entered a guilty plea.

The Kentucky Court of Appeals concluded that "[t]rial counsel's conduct certainly did not fall below an objective standard of reasonableness." DN 13-6 at 137. The undersigned agrees. As discussed by the Kentucky Court of Appeals, Fortney's trial counsel took steps to investigate whether Fortney was competent. Those steps included requesting a mental health evaluation; receiving his psychiatric records; securing court funds for a private mental health evaluation; and ensuring that the mental health evaluation occurred before Fortney entered a guilty plea. *See also*, DN 13-3 at 100, 102. The undersigned concludes that Fortney has not shown that trial counsel's performance was deficient.

The Kentucky Court of Appeals did not discuss whether Fortney had shown *Strickland*'s prejudice prong. Fortney has not offered any argument on the prejudice prong, and he must show both prongs to establish an ineffective assistance of counsel claim. Assuming that he had shown deficient performance, the Court must still presume that Fortney's own expert deemed him competent to stand trial before he entered a guilty plea. With that presumption in mind, Fortney has not shown that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The undersigned concludes that Fortney has not shown that this decision by the Kentucky Court of Appeals was contrary to clearly established federal law. The undersigned concludes that Fortney has not shown that this decision by the Kentucky Court of Appeals was an unreasonable application of clearly established federal law.

The undersigned recommends that the Court deny ground one of Fortney's petition.

**B. Ground two: ineffective assistance of counsel for failure to call an expert witness**

Ground two of Fortney's petition alleges ineffective assistance of counsel for "failure to call [an] expert witness." DN 1 at 7 (brackets added).

The respondent argues that Fortney procedurally defaulted this claim. DN 13 at 67 – 69. The respondent rests this argument on the premise that Fortney did not raise the ineffective assistance of counsel claim for failure to call an expert witness to the Kentucky state courts. DN 13 at 67 ("Therefore, no such claims were made in the state courts with regard to failure to call an expert witness on Fortney's behalf – since it was asserted that no evaluation had ever taken place (and thus no expert was available to call as a witness.")). The undersigned disagrees with the respondent's assertion that "no such claims were made in the state courts."

The record before this Court includes a copy of Fortney's 11.42 motion. DN 13-3 at 104 – 08. In that motion, Fortney argued:

> The defendant may cite defense counsel's failure to obtain an expert in the area of forensic evidence as was essential and [determinative of an issue of the case], rendered his performance deficient for the purpose of the first prong of Strickland[,] because his action[s] were not within the wide range of prevailing professional norms based on an objective standard of reasonableness. See Strickland, 466 U.S. at 688. Also see, rule 11.42 of the Kentucky Rules of Criminal Procedure; [*Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979)].

DN 13-3 at 106 (brackets added). In ruling on the 11.42 motion, the Jefferson Circuit Court said,

> The Court notes Fortney's argument that he was denied funds to retain expert witnesses regarding his proposed insanity defense. A review of the record shows this to be incorrect. In an Ex Parte Order entered on January 25, 2007, this Court authorized Fortney to retain the services of Dr. Wayne Herner, Psy, D. in an amount up to $2500.00. This refutes Fortney's contention that he did not have adequate access to mental health experts prior to entering his guilty plea. The motion for relief must be denied.

DN 13-3 at 90. In his appeal of the Jefferson Circuit Court's order, Fortney said that his 11.42 motion included an argument that "his attorney's failure to obtain expert witnesses constituted ineffective assistance of counsel under any objective standard of reasonableness." DN 13-3 at 80 (internal punctuation omitted).

Although Fortney did not raise this argument in detail on his appeal, this was understandable given that the Jefferson Circuit Court consolidated this argument with his ineffective assistance of counsel claim for failure to pursue an insanity defense. *See* DN 13-3 at 89 ("Fortney's argument in his RCr 11.42 motion can be simplified to one ground – he was not afforded the opportunity to present his preferred defense of insanity due to ineffective assistance of counsel causing him to plead out his case."). Therefore, the undersigned concludes that Fortney gave the state courts an opportunity to act on the ineffective assistance of counsel claim for failure to call an expert witness before he presented it to this court in his habeas petition. *O'Sullivan*, 526 U.S. at 842.

As to the respondent's procedural default argument, the respondent has not shown that Fortney procedurally defaulted this claim. For the first type of procedural default, the respondent has not pointed to a Kentucky procedural rule with which Fortney failed to comply. *Edwards*, 529 U.S. at 451. The second type of procedural default does not apply because Fortney raised this claim to the Kentucky state courts. *Lovins*, 712 F.3d at 295.

Having concluded that procedural default does not apply to this ineffective assistance of counsel claim, the undersigned proceeds to discuss this claim on the merits.

The Jefferson Circuit Court's decision denying Fortney's 11.42 motion notes that Fortney's trial counsel received court authorization to hire Dr. Herner, and that this "refutes Fortney's contention that he did not have adequate access to mental health experts prior to entering his guilty plea." DN 13-3 at 90. The Court must presume that trial counsel received court authorization and funding to hire a private mental health professional. 28 U.S.C. § 2254(e)(1). Additionally, the Court must presume that after defense counsel hired Dr. Herner, Dr. Herner deemed him competent to stand trial before he entered a guilty plea.

With these presumptions in mind, the undersigned concludes that Fortney has not shown that trial counsel provided deficient performance in seeking an expert opinion on Fortney's mental state. Trial counsel sought and received an expert opinion on Fortney's mental state as part of the investigation into Fortney's competence. That trial counsel did not call Dr. Herner to testify about his conclusion as to Fortney's competence does not change the fact that Dr. Herner concluded that Fortney was competent.

In the same vein, the undersigned concludes Fortney has not shown prejudice from trial counsel's actions in seeking an expert opinion as to his mental state. Again, the Court must presume that Dr. Herner deemed Fortney competent before he entered his guilty plea. With that

9

presumption in mind, Fortney has not shown that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The undersigned concludes that Fortney has not shown that the decision of the Kentucky Court of Appeals was contrary to clearly established federal law. The undersigned concludes that Fortney has not shown that the decision of the Kentucky Court of Appeals was an unreasonable application of clearly established federal law.

The undersigned recommends that the Court deny ground two of Fortney's petition.

### Certificate of Appealability

The final question before the Court is whether Fortney is entitled to a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

In *Slack v. McDaniel*, 529 U.S. 473, 484 – 54 (2000), the Supreme Court established a two-pronged test to determine whether a certificate of appealability should issue on procedural grounds. To satisfy the first prong, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* at 484. To satisfy the second prong, a petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* If the Court determines that the petitioner failed to satisfy the first prong, then it need not address the second. *Id.* at 485. When the Court rejects a claim on the merits, the petitioner must satisfy the first prong of the procedural test: that is, the petitioner must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *Id.* at 484.

The undersigned has analyzed Fortney's petition on both procedural grounds and on the merits. The undersigned has concluded that his petition should be denied as to each ground.

In this case, Fortney has failed to make a showing required to support the issuance of a certificate of appealability. He has not established the denial of any constitutional right, and there is no reason to suspect that jurists of reason would find it debatable whether he stated a valid claim of denial of a constitutional right. The Magistrate Judge believes that all of the analysis in the instant report is well-founded in the law and in the record of this case, and that Juan is not entitled to a certificate of appealability. For those reasons, the Magistrate Judge recommends that a certificate of appealability be denied as to both grounds raised by Fortney.

**Recommendation**

The undersigned magistrate judge recommends that the Court **DENY** Fortney's petition for writ of habeas corpus and **DENY** a certificate of Appealability as to the two grounds raised in the petition. The undersigned recommends that the Court **DISMISS** the petition **with prejudice**.

**Notice**

Under 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge files these findings and recommendations with the Court. A copy shall be electronically transmitted to all parties. 28 U.S.C. § 636(b)(1)(C). If a party objects to these findings and recommendation, that party has fourteen days to file an objection. *Id.*; Fed. R. Civ. P. 72(b)(2).

Failure to timely object to these findings and recommendations constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949 – 50 (6th Cir. 1981); *see also, Thomas v. Arn*, 474 U.S. 140 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).